IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONFESSOR D. PABON, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action 07-805 |
| | ) | Judge Gary L. Lancaster/ |
| vs. | ) | Magistrate Judge Amy Reynolds Hay |
| | ) | |
| State Correctional Officer R.M. LEMASTER; | ) | |
| and State Correctional Officer, Mr. MATTHEWS, | ) | |
| | ) | |
| Defendants | ) | Re: Dkt. [16] |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Defendant's motion to dismiss be granted in part
and denied in part. It should be granted as to Plaintiff's verbal harassment claims and his
conspiracy claims. It should be denied as to his Eighth Amendment excessive force and
conditions of confinement claims.

### REPORT

Confessor Pabon ("Plaintiff"), is a state prisoner at SCI-Greene, serving a life sentence
for first degree murder. He has filed a civil rights action, alleging that two corrections officers,
namely, Officers LeMaster and Matthews, violated his federal constitutional rights. Specifically,
Plaintiff alleges four violations: 1) that they verbally abused, harassed and threatened him 2) that
they conspired against him 3) that they used excessive force against him and 4) that they made
him to suffer unconstitutional conditions of confinement.

**Relevant Procedural History**

Having been granted pauper status, Plaintiff's civil rights complaint was filed. Dkt. [3].
In that complaint, Plaintiff alleges that from December 6, 2006 until June 10, 2007, the two

defendants verbally assaulted, threatened, harassed and cursed Plaintiff and that they made racial slurs against Plaintiff, who is Hispanic. Plaintiff also complains that on December 6, 2006, the two defendants used excessive force by placing handcuffs on him too tightly, causing pain. Plaintiff also complains that on that same date, he was placed in a "hard cell," which consisted of no mattress, no running water, and that the defendants denied him food for several days in addition to making him sleep on the concrete for almost eleven days. Plaintiff also alleges that the defendants are conspiring against him.

The Defendants filed the instant motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), Dkt. [16], and a brief in support, Dkt. [17]. The Court ordered Plaintiff to file a response by a date certain. Dkt. [18], [22]. To date, Plaintiff has failed to respond to the Defendants' motion to dismiss.[1]

### B. Motion to Dismiss Standard

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court,

---

[1] Rather than file a response to the motion to dismiss, as ordered by the Court, Plaintiff attempted, without leave of court, to file a supplemental complaint to assert new causes of action concerning matters that arose after the filing of the Complaint and that pertained to persons who were not originally named in the Complaint. The court denied Plaintiff leave to file such. Dkt. [24].

however, need not accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations and all reasonable inferences to be drawn therefrom, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007). Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In addition, because Plaintiff is a prisoner who has brought an action with respect to prison conditions, the screening provisions of 42 U.S.C. § 1997e(c) apply. Furthermore, because Plaintiff is a prisoner who is seeking redress from a governmental entity or employee thereof, the screening provisions of 28 U.S.C. § 1915A apply. Lastly, because Plaintiff is a prisoner proceeding in forma pauperis, the screening provisions of 28 U.S.C. §1915(e) apply. Pursuant to these screening provisions, a court is obliged to sua sponte dismiss complaints that are frivolous, malicious or that fail to state a claim upon which relief can be granted. The court's obligation to dismiss a complaint under the PLRA screening provisions is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See id.[2]

---

[2] Although the court is aware of its continuing obligation under the PLRA, it has not found a ground, which the Moving Defendants have not raised, upon which to rest a recommendation to dismiss.

**Discussion**

The Defendants' first argument is that Plaintiff failed to exhaust his administrative remedies on his claims as is required by the Prison Litigation Reform Act.  In support thereof, they attached a declaration from Tracy Pollock, which declaration apparently has a missing page, as it unsigned and furthermore, although it recounts the process required to go through in order to exhaust, it says nothing about whether Plaintiff fulfilled the process.   In any event, as a general rule, it is inappropriate to consider an affidavit proffered by the defendant when adjudicating a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  Goldman v. Belden, 754 F.2d 1059, 1066 (2d Cir. 1985); Wellness Pub. v. Barefoot,  2008 WL 108889, *18 n.11 (D.N.J. Jan. 9, 2008)("The Court did not consider this affidavit as it is outside of the pleading and, therefore, not properly considered on a motion to dismiss under Rule 12(b)(6).").   After the District Court has ruled on the instant motion to dismiss, and accepted or rejected this Report and Recommendation, the Court would consider a request from the Defendants to permit a period of discovery limited to the issue of exhaustion, following by a  motion for summary judgment, likewise limited to the issue of exhaustion.   Hence, the court recommends rejection of the exhaustion defense because the court cannot consider the "affidavit" which Defendants proffer and, the complaint, on its face, does not otherwise conclusively establish that Plaintiff failed to exhaust his administrative remedies.   Quillar v. Brinkman, 63 Fed.Appx. 361, 362 (9th Cir. 2003)("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies.").

Defendants next point out that verbal harassment, threats, and abuse fail to state a claim upon which relief can be granted.   Defendants are correct.

To the extent that Plaintiff claims these verbal threats, abuse and harassment constituted cruel and unusual punishment, Defendants are entitled to dismissal of the claims because such verbal threats and abuse do not constitute a sufficiently objective deprivation under the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding verbal harassment generally does not violate the Eighth Amendment); Ivey v. Wilson, 832 F.2d 950, 953-55 (6th Cir. 1987) (holding that verbal abuse, harassment, or arbitrariness by prison officials toward an inmate does not qualify as punishment within the meaning of the Eighth Amendment); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (holding that verbal harassment or abuse, where sheriff laughed at plaintiff and threatened to hang him, was not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983); Partee v. Cook County Sheriff's Office, 863 F.Supp. 778, 781 (N.D.Ill. 1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment). Neither do such verbal threats and harassment implicate a denial of a liberty interest and so Plaintiff's due process rights were not violated. See Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.") (citations omitted); King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997)(same).

This holds true for alleged use of racial epithets against Plaintiff. See, e.g., DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution."); Partee, supra.

Accordingly, Plaintiff's claims of verbal abuse, threats and harassment should be dismissed for failure to state a claim upon which relief can be granted.

**Conspiracy**

Defendants also point out that Plaintiffs claims of a conspiracy fail to state a claim because they are wholly conclusory.

Defendants are correct. Conclusory allegations of conspiracy are insufficient to state a claim upon which relief can be granted. See e.g., Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989)("[t]he allegations [of conspiracy] must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy.'"). Plaintiff's complaint fails to comply with Rose v. Bartle's requirements. Nor does this requirement that allegations of conspiracy be more than conclusory run afoul of the generous pleading standard under Fed.R.Civ.P. 8(a) as construed in Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). See, e.g., Loftus v. SEPTA, 843 F.Supp. 981, 988 (E.D. Pa. 1994) ("Requiring that a complaint alleging conspiracy flesh out in some detail the nature of the scheme does not run afoul of the admonition in *Leatherman* .... Rather, in the context of a conspiracy, the 'short and plain statement' provision of Rule 8 is satisfied only if the defendant is provided with the degree of particularity that animates the fair notice requirement of the rule."). Hence, because the conspiracy claim is conclusory, it should be dismissed as against the Defendants.

**Excessive Force**

Next, the Defendants contend that Plaintiff's complaint fails to state a claim of excessive force against them. Dkt. [17] at 6 to 8. Plaintiff's complaint alleges that the Defendants used excessive force on him treating him like he was an animal and not a human being, when they placed handcuffs on Plaintiff too tightly "because their intention on that night was to break up his whole arms, including his wrists." Dkt. [3] at 5.

Defendants contend that, under the Eighth Amendment, this court should utilize the same standards as are utilized under the Fourth Amendment when police are alleged to have used excessive force in the placing of handcuffs on arrestees and specifically discuss the case of Kopec v. Tate, 361 F.3d 772, 773 (3d Cir. 2004). Dkt. [17] at 7. The Court declines the Defendants' invitation to import into Eighth Amendment excessive force jurisprudence Fourth Amendment standards. The Court does so because under the Fourth Amendment, the question to be resolved is whether an objectively reasonable officer could have behaved in the way in which the accused officer behaved. See, e.g., id., at 776 ("The test of reasonableness under the Fourth Amendment is whether under the totality of the circumstances, 'the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations.' Graham v. Connor, 490 U.S. 386, 397 (1989). Thus, if a use of force is objectively reasonable, an officer's good faith is irrelevant and any bad faith motivation on his part is immaterial."). The test is one of objective reasonableness under the Fourth Amendment.

In stark contrast, the test of excessive force under the Eighth Amendment is a subjective test which inquires as to the subjective good faith of the officers. The landmark Supreme Court case in the Eighth Amendment excessive force area is Hudson v. McMillian, 503 U.S. 1 (1992). In Hudson, the court described the issue before it as "whether the use of excessive force against a prisoner may constitute cruel and unusual punishment when the inmate does not suffer serious injury." Id. at 4. Essentially, the Hudson court rejected the objective deprivation prong of the traditional Eighth Amendment analysis and opted instead for a purely subjective analysis in the excessive force context. The Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core

judicial inquiry is that set out in <u>Whitley [v. Albers</u>, 475 U.S. 312, 320-321 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u> at 6-7. In doing so, the Court jettisoned the traditional objective deprivation prong inquiry for establishing an Eighth Amendment claim. <u>See id.</u> at 22-23 (Thomas, J., dissenting)("In the context of claims alleging the excessive use of physical force, the Court then asserts, the serious deprivation requirement is satisfied by no serious deprivation at all. 'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.' <u>Ibid.</u> Ascertaining prison officials' state of mind, in other words, is the *only* relevant inquiry in deciding whether such cases involve cruel and unusual punishment. . . . The sum and substance of an Eighth Amendment violation, the Court asserts, is 'the unnecessary and wanton infliction of pain.' This formulation has the advantage, from the Court's perspective, of eliminating the objective component.")(some citations omitted and quotation marks modified). The Court of Appeals has recognized this jettisoning of the objective deprivation prong in the context of an excessive force claim. <u>Brooks v. Kyler</u>, 204 F.3d 102, 108 (3d Cir. 2000)("In *Hudson*, the Court distinguished between prisoner conditions-of- confinement and medical-deprivation claims, on the one hand, and wanton use of unnecessary force claims on the other. Although the former kind of claim cannot survive without evidence that a deprivation was 'harmful enough' . . . , the latter kind of claim has no such requirement"). Accordingly, to establish an Eighth Amendment excessive force claim, the court focuses in on the subjective good faith of the corrections officers and not on the question under the Fourth Amendment of the objective reasonableness of the use of force.

It appears that the complaint adequately alleges that the Defendants subjectively intended to use force which was excessive to the situation, i.e., they excessively tightened the handcuffs,

8

not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically in order to cause pain to Plaintiff, the complaint suffices to state a claim. Hence, the Defendants' motion to dismiss the excessive force claim should be denied.

### Conditions of Confinement

The Defendants do not appear to independently seek (other than on the basis of failure to exhaust) dismissal of Plaintiff's claim that the conditions of his confinement while in the hard cell violated his Eighth Amendment rights. Nor does it appear to the court that this claim is dismissible sua sponte under the screening provisions of the PLRA. Accordingly, this claim too survives.

CONCLUSION

For the above-stated reasons, the Defendants' motion to dismiss should be granted as to Plaintiff's claims of verbal harassment and as to his conspiracy claims. However, the motion to dismiss should be denied as to Plaintiff's excessive force claim and his conditions of confinement claim.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: 18 March, 2008

cc:    The Honorable Gary L. Lancaster
United States District Judge

Confessor Pabon
AY-9457
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record via CM-ECF