IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CONFESSOR D. PABON,                 )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )        Civil Action No. 07-805
                                    )
STATE CORRECTIONAL OFFICERS         )        Judge Gary L. Lancaster
LEMASTER and  MATTHEWS,             )        Magistrate Judge Amy Reynolds Hay
                                    )
            Defendants.             )


REPORT AND RECOMMENDATION


I.      Recommendation

        It is respectfully recommended that the complaint in the above-captioned case

[Dkt. 3] be dismissed for failure to prosecute.


II.     Report

        The plaintiff, Confessor Pabon, is a state prisoner at SCI-Greene, serving a life

sentence for first degree murder.  He has filed a civil rights action alleging that two corrections

officers, namely, Officers LeMaster and Matthews, violated his federal constitutional rights by:

1) verbally abusing, harassing and threatening him; 2) by conspiring against him; 3) by using

excessive force against him; and 4) by making him suffer unconstitutional conditions of

confinement.[1]

        Defendants filed a motion to dismiss on November 19, 2007 [Dkt. 16], and on

November 29, 2007, this court issued an order directing plaintiff to file a response to the motion

_____

        [1]Plaintiff's verbal harassment and conspiracy claims have been dismissed pursuant to a
motion filed by defendants.  See Dkts. 16, 25, 32.

on or before December 19, 2007.  See Dkt. 18.  Instead of filing a response, plaintiff submitted a letter to chambers which was subsequently returned to him as an ex parte communication.  Plaintiff, however, was then given additional time, or until January 21, 2008, to file a response to defendants' motion.  See Dkt. 22.  On January 14, 2008, rather than filing a response to the motion, plaintiff filed documents in which he seemingly sought, without leave of court, to supplement his complaint to assert new causes of action concerning events that occurred after the complaint was filed.  See Dkt. 23.  In a memorandum order dated February 25, 2008, the court treated plaintiff's submission as a motion for leave to file a supplemental complaint and denied such relief pursuant to Fed. R. Civ. P. 15(d).  See Dkt. 24.  Having still failed to receive plaintiff's response to defendants' motion to dismiss as of March 18, 2008, the undersigned issued a Report and Recommendation addressing the motion which was adopted as the opinion of the court on April 23, 2008.  See Dkts. 25, 32.

On August 13, 2008, defendants filed a timely motion for summary judgment which plaintiff was twice directed to respond to on or before September 18, 2008.  See Dkts. 35, 37, 40.  To date, plaintiff has failed to respond the motion or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1)    The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this court's orders and weigh heavily against him. As previously discussed, plaintiff not only failed to respond to defendants' motion to dismiss as ordered by the court, but has now ignored two additional court orders directing him to respond to defendants' motion for summary judgment. Responding to motions and court orders is clearly plaintiff's sole personal responsibility and his repeated failure to do so in this matter appears to constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this court's orders -- other than the expense of filing motions there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Plaintiff's repeated efforts to impede the progress of this case, as evidenced by his failure to respond to defendants' motions as ordered by the court, suggest that he has no

3

serious interest in pursuing this case.  Dismissal therefore appears to be the most appropriate action for this court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by October 16, 2008, in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.

<u>/ s/ Amy Reynolds Hay</u>
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 29 September 2008

cc:     Confessor D. Pabon
        AY-9457
        S.C.I.-Greene
        175 Progress Drive
        Waynesburg, PA 15370

        Robert A. Willig, Esquire
        Office of the Attorney General
        6th Floor, Manor Complex
        564 Forbes Avenue
        Pittsburgh, PA 15219